IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA M. CORTES-COBOS LESTER ORTIZ, the conjugal partnership established by them, CRISTINA A. CRUZ-CORTES, LESTER ENRIQUE ORTIZ-CORTES and GABRIEL I. ORTIZ-CORTEZ<br><br>Plaintiffs<br><br>vs<br><br>LABORATORIOS ABBOT PUERTO RICO, INC. and/or ABBOT HEALTH PRODUCTS, INC.,<br>METROPOLITAN LIFE INSURANCE COMPANY a/k/a METLIFE, and its subsidiary or department MetLife Disability a/k/a MetDisAbility<br><br>Defendants | CIVIL 04-1608CCC |

# O R D E R

This is an action for judicial review of a decision taken by Metropolitan Life Insurance Company (MetLife), which denied plaintiff María M. Cortés-Cobos' (Cortés) claim for short term disability benefits under an employee welfare benefit plan established by her employer, defendant Laboratorios Abbott Puerto Rico, Inc. (Abbott) and administered by Metlife. The complaint was initially filed in the Court of First Instance of the Commonwealth of Puerto Rico, Carolina Superior Part, and timely removed to this Court by defendant MetLife pursuant to 28 U.S.C. § 1441(a) and (b). Before the Court is the Motion for Judgment on the Record filed by defendants Abbott and MetLife on January 18, 2005 (**docket entry 35**), and their brief in support (**docket entry 36**), as well as the Motion for Judgment filed by plaintiff Cortés on January 19, 2005 (**docket entry 38**) and her memorandum in support (**docket entry 39**), together with the respective oppositions (see docket entries 45 & 46). The Court has also thoroughly reviewed the entire administrative record jointly submitted by the parties under seal on November 12, 2004 (**docket entry 32**) (hereinafter MLCF).

CIVIL 04-1608CCC                              2

Defendants contend that MetLife's decision to terminate Cortés' short term disability benefits was based on the review conducted by MetLife's in-house medical consultants and thereafter by Dr. Ernest Gosline, F.A.P.A, an independent medical consultant, of the medical information provided by Cortés and her physician, Dr. Armando Fortuño-Padilla, and that, as such, was neither arbitrary nor capricious and based on substantial evidence on the administrative record.

When an ERISA plan grants the plan administrator discretionary authority in the determination of eligibility for benefits, as is the case here, the administrator's decision must be upheld unless it is "arbitrary, capricious, or an abuse of discretion." Wright v. R.R. Donnelley & Sons Co. Group Benefits Plan, 402 F.3d 67, 74 (1st Cir 2005) (quoting Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 183 (1st Cir. 1998)).  The relevant inquiry under the arbitrary, capricious and abuse of discretion review is "whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits." Matías-Correa v. Pfizer, Inc., 345 F.3d 7, 12 (1st Cir. 2003) (quoting Twomey v. Delta Airlines Pension Plan, 328 F.3d 27, 31 (1st Cir. 2003).  "The touchstone is whether [MetLife's] benefits determination was reasonable." Id.

Our review of the record has convinced us that Metlife's denial of benefits was plainly unreasonable.  For one thing, the record reveals that MetLife did not provide its own independent medical consultant, Dr. Gosline, with the complete and accurate information contained in plaintiff's claim file, to wit:  the psychotherapy notes of Dr. Fortuño-Padilla were never made available to him, while the case manager's note which appears in the English

CIVIL 04-1608CCC                                          3

translation of plaintiff's Personal Problems Evaluation (PPE) is an alteration of said document as it does not appear in the original form submitted by her.[1] Cf. MLCF 17 with MLCF 37.  This note reads as follows:

> One of the most important reasons to "support" her disability was the fact that her husband was "military activated" and claimant thought he would go to Iraq, however he never got to go to the war front but in a military base, and is expected to go back home in the next few days.
> All other medical info. is in English.

This note is not only an alteration of the PPE executed by plaintiff, but was a means of providing false information about her husband's active military duty status, which was identified by plaintiff and her physician as one of the stress factors that caused her depression.  It is evident that said note misled Dr. Gosline to believe that the situation behind plaintiff's depression may had been corrected since in his report he makes the following observation:  "It should be noted that the original stressor of the husband's absence may well have been corrected by now." MLCF 5.

On the other hand, the absence of Dr. Fortuño-Padilla's psychotherapy notes from the information provided to Dr. Gosline led him to conclude that the treatment plan was essentially medication, with only an indication of individual psychotherapy, when in fact plaintiff had received psychotherapy treatment from Dr. Fortuño-Padilla on November 12, 2002, November 26, 2002, December 26, 2002 and January 30, 2003, as the psychotherapy notes

---

[1] Oddly, the inclusion of said note is not the only alteration of plaintiff's PPE that may be attributed to MetLife.  The Court has noted with dismay that Metlife has also altered plaintiff's response to question 2(c) of the PPE by adding information not included in the original document.  To further aggravate matters, the English translation of most of plaintiff's PPE answers is clearly deficient.

CIVIL 04-1608CCC                                              4

submitted by him (see MLCF 41 & 42), at the request of the case manager (see MLCF 38), clearly reflect. These psychotherapy notes, which are part of the record, were not translated and, therefore, the Court must infer that they could not be understood by Dr. Gosline.[2]

As the main support advanced by defendants for the denial of short term disability benefits to plaintiff is the independent medical review conducted by Dr. Gosline, and it being apparent that Dr. Gosline's conclusions were based on incomplete and inaccurate information provided by MetLife, the Court concludes that defendants' decision was unreasonable and, as such, arbitrary and capricious. Accordingly, the Court REVERSES MetLife's decision which denied short term disability benefits to plaintiff María M. Cortés-Cobos and ORDERS that plaintiff be provided with short term disability benefits as provided in Abbott's employee benefit plan. Her request for long term disability benefits, however, is DENIED as premature, since plaintiff has not shown that she has fulfilled the plan's requirements for payment of said benefit. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on September 19, 2005.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge

---

[2] Indeed, of all the relevant documents which compose the administrative record, these were the only ones submitted to the Court in the Spanish language and not translated into English.